■ UNITED STATES SKI ASSOCIATION et al., Respondents, v AMERICAN BROADCASTING COMPANIES, INC., et al., Appellants.—Order, Supreme Court, New York County, entered December 9, 1977, granting plaintiffs' motion for preliminary injunction restraining defendants from broadcasting over television networks in the United States certain amateur ski competitions held in foreign countries, is affirmed, on condition that plaintiffs agree to an immediate trial and the matter is set for trial for Monday, December 19, 1977, in the Supreme Court, New York County, Trial Term Part 22, Room 442, 60 Centre Street, New York, New York, before Greenfield, J. In the event that plaintiffs do not agree to such an immediate trial, the order is reversed, on the law and the facts and in the exercise of discretion, and the motion for preliminary injunction denied. No costs are awarded to either party on this appeal. In the circumstances of this case, it appears that either the grant of a preliminary injunction for more than a very brief period of time, or the denial of a preliminary injunction, would be equivalent to a final determination of the portion of the action which seeks a permanent injunction. As the preliminary injunction granted by Special Term has already caused some postponement of broadcast, we think no great harm will be done and the equities better balanced if there is a brief further postponement of the broadcasts so that the parties may obtain a final judgment after trial on the merits. If, however, plaintiffs do not cooperate toward an immediate trial on the merits, we think that plaintiffs' rights are not sufficiently clearly established to warrant a preliminary injunction which would be equivalent to a permanent injunction. Concur—Birns and Silverman, JJ.; Murphy, P. J., concurs, and Markewich, J., dissents in separate memoranda as follows: Murphy, P. J. (concurring). While I also favor an immediate trial it appears to me that, on the record before us, plaintiffs have indeed established their right to a preliminary injunction. Markewich, J. (dissenting). Plaintiffs have not established on this record a clear legal right to the relief sought. Further it strongly appears, as Special Term mentioned, that money damages will suffice to repair any harm plaintiffs may suffer as a result of defendant's broadcasts. While these observations alone support a denial of preliminary injunctive relief, we have also noticed plaintiffs' delay, unto the penultimate hour before commencement of the first broadcast, in commencing the action and moving for *pendente lite* relief. That tactic lacks equity when plaintiffs knew or should have known of defendant's plans for months. Accordingly, I would reverse and deny the motion.

## (December 27, 1977)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX ALMESTICA, Appellant.—On remand from the Court of Appeals, judgment of the Supreme Court, Bronx County, rendered on April 10, 1975, unanimously affirmed, and the case is remitted to said court for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur—Murphy, P. J., Kupferman, Capozzoli and Yesawich, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE CALDERON, Also Known as PEDRO CALDERON, Appellant.—On remand from the Court of Appeals, judgment of the Supreme Court, Bronx County, rendered on April 10, 1975, unanimously affirmed, and the case is remitted